IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DWAYNE WALLACE                                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 3:18-CV-400-TSL-JCG

DOCTOR JOHN DOE, et al.                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a prisoner suit filed pursuant to 42 U.S.C. § 1983 by Plaintiff Dwayne Wallace. Plaintiff filed this suit *pro se* and *in forma pauperis* on June 19, 2018 while an inmate in the custody of the Central Mississippi Correctional Facility in Pearl, Mississippi. Plaintiff has failed to prosecute and obey the orders of the Court; therefore, the undersigned recommends that the Complaint be dismissed without prejudice.

## DISCUSSION

Plaintiff filed suit against Defendants Doctor John Doe, Nurse Gilmore, Correctional Officer John Doe, Doctor Unknown Waltzer, and Paulette Franklin. He alleges that the Defendants were deliberately indifferent to his medical needs as they denied him treatment for an allergic reaction and do not provide him with "suitable" medication for his high blood pressure. He seeks monetary damages and asks the Court to discipline the Defendants.

The Court sent Requests for Waivers of Service (ECF Nos. 18, 19, & 20) to Gilmore, Franklin, and Waltzer on August 16, 2018. The Court also informed the Plaintiff that John Doe Defendants would not be served until he provided more

information and filed a motion seeking service (ECF No. 17). Centurion of Mississippi, LLC, who is believed to be Waltzer's and Gilmore's employer, filed a response to the Request indicating that it was unable to identify a Doctor Waltzer or a Nurse Gilmore (ECF No. 24). Thereafter, the Court ordered Plaintiff to provide a response stating if Waltzer was actually a nurse and if Gilmore was actually a records clerk (ECF No. 26). Plaintiff's response was due on or before October 17, 2018. However, on October 10, 2018, Plaintiff filed his third Notice of Change of Address (ECF No. 27; *see also* ECF Nos. 13 & 25). In light of his changed address, the Court extended his deadline to respond until November 1, 2018 (ECF No. 28).

Plaintiff did not file a response. On November 28, 2018, the Court entered a third Order (ECF No. 30). Plaintiff was reminded that he was responsible for providing the information necessary to secure service upon the Defendants and that failure to advise the Court of his current address or comply with the Court's orders may result in dismissal. He was ordered to clarify if Doctor John Doe is Defendant Waltzer; if Waltzer is actually a nurse; if Defendant Gilmore is a records clerk instead of a nurse; and if Correctional Officer John Doe is Defendant Franklin. His response was due on or before January 4, 2019. Again, Plaintiff failed to file a response. The Court entered its final Order to Show Cause (ECF No. 32) on February 26, 2019. Plaintiff was ordered to respond on or before March 26, 2019, but he has not done so.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent

authority to dismiss an action *sua sponte. See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the undersigned finds a clear record of delay and contumacious conduct by Plaintiff. Plaintiff has not responded to four different orders issued by this Court. He has repeatedly been informed that his failure to abide by the Court's orders or to inform the Court of a change in address would be deemed a purposeful and contumacious act that would result in this case being dismissed (ECF Nos. 3, 4, 7, 11, 12, 16, 17, 26, & 32). It is presumed that Plaintiff is no longer interested in pursuing this case. He has not filed a pleading or otherwise corresponded with the

3

Court since October 10, 2018. Lesser sanctions than dismissal would not prompt diligent prosecution.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 19th day of April, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE